UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 1, 2013

LETTER TO COUNSEL:

    RE:    *JoAnn Stephenson v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-1220

Dear Counsel:

    On April 20, 2012, the Plaintiff, JoAnn Stephenson, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

    Ms. Stephenson filed her claims on May 13, 2009, alleging disability beginning on August 30, 2008. (Tr. 139-43). Her claim was denied initially on October 14, 2009, and on reconsideration on April 29, 2010. (Tr. 78-86, 90-93). A hearing was held on January 18, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 37-73). Following the hearing, on February 2, 2011, the ALJ determined that Ms. Stephenson was not disabled during the relevant time frame. (Tr. 19-36). The Appeals Council denied Ms. Stephenson's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Stephenson suffered from the severe impairments of Crohn's disease, Lyme disease, hypertension, short gut syndrome, and asthma. (Tr. 24). Despite these impairments, the ALJ determined that Ms. Stephenson retained the residual functional capacity ("RFC") to:

> perform simple, routine, unskilled, svp 2-3, light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift and/or carry 10 pounds frequently and 20 pounds on occasion, sit for 30 minutes, stand for 30 minutes, consistently on an alternate basis, for 8 hours a day, 5 days a week. The claimant can perform work that is low concentration, memory and stress, meaning 1-2 step tasks with no decision making or changes in the work setting. The claimant can

*JoAnn Stephenson v. Commissioner, Social Security Administration*
Civil No. SAG-12-1220
April 1, 2013
Page 2

> perform work that does not require judgment or production rates.  The claimant must avoid heights and hazardous machinery, temperature and humidity extremes, stair climbing, ladders, scaffolds and like devices.  The claimant can perform work that does not require fine dexterity or fine manipulation or overhead reaching.  The claimant must avoid excessive odors and fumes dusts and like substances due to her asthmatic condition.  The claimant must have ready access to the bathroom.

(Tr. 25).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Stephenson could perform jobs that exist in significant numbers in the national and local economies, and that she was therefore not disabled during the relevant time frame.  (Tr. 30-32).

Ms. Stephenson raises three separate issues on appeal.  Several of her arguments are unpersuasive: that the ALJ failed to assign appropriate weight to the opinion of her treating physician, Dr. Huddleston; that the ALJ did not have a medical source for the RFC; and that the ALJ's hypothetical to the VE was deficient.  However, the ALJ has provided inadequate information to permit me to assess whether or not his adverse credibility finding is supported by substantial evidence.  As a result, remand is appropriate.  In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Stephenson was ineligible for benefits was correct or incorrect.

First turning to the unpersuasive contentions, the treating physician rule does not invalidate the ALJ's conclusions.  A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  The treating physician in question, Dr. Huddleston, issued an opinion in September, 2010 ("the September opinion") that aligned in substance with the ALJ's RFC.  (Tr. 458-61).  However, the ALJ did not address the September opinion.  Instead, the ALJ specifically addressed and rejected Dr. Huddleston's February 2, 2010 opinion ("the February opinion"), stating that it was unsupported by the medical evidence, inconsistent with the record as a whole, conclusory, based on Ms. Stephenson's subjective complaints, and outside of Dr. Huddleston's expertise.  (Tr. 29).  The September opinion clearly falls within the category of "substantial evidence inconsistent with" the February opinion, which was cited by the ALJ.[1]  For example, the February opinion cites limited vision, (Tr. 383), but the September opinion does not include any visual limitations.  (Tr. 460).  The February opinion states that Ms. Stephenson's symptoms would "frequently" interfere with her attention and concentration, (Tr. 382), while the September opinion indicates no difficulties in maintaining concentration, persistence, or pace.  (Tr. 460).  The February opinion notes a marked limitation in use of hands for grasping, turning or twisting, a moderate limitation in fine manipulation, and significant limitations in reaching, handling, fingering or lifting.  (Tr. 380-81).  In contrast, the September opinion states that Ms. Stephenson can use her hands repetitively for grasping and fine manipulation (but not pushing).  (Tr. 459).  The February opinion states that Ms. Stephenson could sit for just 3-4 hours during an

---

[1] The ALJ should specifically discuss the September opinion on remand.

*JoAnn Stephenson v. Commissioner, Social Security Administration*
Civil No. SAG-12-1220
April 1, 2013
Page 3

8-hour workday, (Tr. 379), while the September opinion indicates no limitations in sitting. (Tr. 459). Many of the other limitations found by Dr. Huddleston in the opinions were addressed by the ALJ in the RFC, including lifting restrictions, environmental restrictions, and need for proximity to a restroom to address frequent bowel movements. (Tr. 25, 380, 459, 461). In light of the significant inconsistencies between the two opinions rendered by Dr. Huddleston just months apart, the ALJ's assignment of weight to the February, 2010 opinion was not in error. *See Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, at *7 (D. Md. July 18, 2012) (determining that inconsistencies in a physician's opinions provide "a valid reason for rejecting the opinion.") (citing *Thomas v. Astrue,* PWG-09-2947, 2012 WL 1100660, at *2 (D. Md. Mar. 30, 2012)). I am readily able to discern and evaluate, from the ALJ's analysis, the reasons he chose to discount the February opinion. I therefore find the ALJ's assignment of weight to be supported by substantial evidence.

Ms. Stephenson further asserts that the ALJ's RFC did not comport with any expert medical opinion in the record. An ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue,* 459 F.App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion as to an RFC, but should base an RFC on all available evidence). Here, the ALJ considered the opinions of the state agency physician consultants and Dr. Huddleston in turn and assigned each opinion weight based on its consistency with Ms. Stephenson's medical record. The decision to not rely on a single medical opinion does not invalidate the RFC.

Ms. Stephenson also argues that the ALJ presented an improper hypothetical to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As a result, assuming the validity of the RFC, the ALJ's hypothetical question to the VE, would be permissible without including any additional limitations that the ALJ did not deem valid.

The problem, however, lies in the credibility assessment which provided part of the underpinnings for the RFC. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case, but provided insufficient analysis to permit adequate review of his findings. (Tr. 25-28).[2]

---

[2] Ms. Stephenson protests the ALJ's use of "boilerplate language" with respect to the credibility determination. Pl. Mot. 14-15. Certainly, ALJ opinions almost universally contain a significant amount

Ms. Stephenson objects to the ALJ's statement that "the claimant does not take any medications nor is she undergoing any treatment for the reported symptoms related to Crohn's disease. Despite the claimant's reports of disabling symptoms, the medical record reflects that her impairments are stable." (Tr. 28). As Ms. Stephenson notes, she in fact sought treatment both from Dr. Canakis, who prescribed medication, and from Dr. Brant. Pl. Mot. 15-16, Tr. 353-60, 452-54. She testified that she cannot take the Crohn's medication, not because she does not experience severe symptoms, but because the resulting constipation and abdominal pain causes more severe problems than the Crohn's itself. (Tr. 46). The ALJ failed to address that testimony in relying on her alleged lack of medications or treatment. Moreover, the Commissioner's contention that "apart from Ms. Stephenson's 60-pound weight loss in 2008 and 2009, her condition has been largely stable" is problematic. The 60-pound weight loss alone corroborates, to some extent, Ms. Stephenson's description of her severe digestive symptoms. As a result, further explication of the ALJ's analysis is required for me to determine whether the ALJ's credibility finding is supported by substantial evidence.

Ms. Stephenson also objects to the ALJ's assertion that her activities of daily living belie her claim of disability. Pl. Mot. 16-17. The ALJ cited to her activities of daily living as evidence supporting the RFC, (Tr. 28), but did not provide any specific analysis of the activities that he found undermined her credibility. In fact, Ms. Stephenson's description of her activities of daily living evidenced fairly severe limitations. She testified that she takes two or three baths a day, has to have help walking from room to room, falls frequently, often cannot get out of bed, and is on a liquid diet. (Tr. 41-55). She also testified to very limited instances of leaving the home during a given week and having difficulty making it to the restroom. *Id.* The ALJ also credited the lay submission of a family friend, Teresa Gibbons, which corroborates very limited daily activities for Ms. Stephenson. (Tr. 27, 211-18). Without further explanation, then, the ALJ's reliance on Ms. Stephenson's "activities of daily living" to establish her ability to perform work functions, and to support an adverse credibility finding, defies review.

For the reasons set forth herein, the Plaintiff's motion for summary judgment (ECF No. 14) and the Commissioner's motion for summary judgment (ECF No. 17) will be DENIED, the decision of the ALJ will be VACATED, and the case will be REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

of boilerplate language, some of which is only marginally useful. However, the problem lies not where boilerplate language is included, but where boilerplate language is used to the exclusion of case-specific explanation of the ALJ's analysis and appropriate citation to the evidence of record. In this case, the boilerplate language did not itself affect the validity of the outcome, but the ALJ's explanation was deficient for the reasons described above.

*JoAnn Stephenson v. Commissioner, Social Security Administration*
Civil No. SAG-12-1220
April 1, 2013
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                    Sincerely yours,

                                          /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge